**TOM PETRUS & MILLER, LLLC**

RICHARD B. MILLER          3729-0
rmiller@tpm-hawaii.com
Tel. (808) 792-5855
ASHLEY R. SHIBUYA          10200-0
ashibuya@tpm-hawaii.com
Tel. (808) 792-5804
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
PROGRESSIVE CASUALTY INSURANCE CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE CO., an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL PARKER; PARKER MARINE WORLDWIDE INC.; CLINTON ROBERT MILLER,<br><br>Defendants. | CIVIL NO. CV<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff PROGRESSIVE CASUALTY INSURANCE CO. ("Progressive"), by and through its attorneys Tom Petrus & Miller, LLLC, for its Complaint against the above-named defendants, alleges and avers as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

2. Upon information and belief, Defendant MICHAEL PARKER ("Parker"), is, and was at all times relevant hereto, a resident of the City & County of Honolulu, State of Hawaii.

3. Upon information and belief Defendant PARKER MARINE WORLDWIDE INC. ("Parker Marine") is, and was at all times relevant hereto, a marine salvage and towing domestic profit corporation registered and incorporated in the State of Hawaii.

4. Upon information and belief, Defendant CLINTON ROBERT MILLER ("Miller") is, and was at all times relevant hereto, a resident of the City and County of Honolulu, State of Hawaii.

5. Progressive brings this action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201, asking this Court to determine, as a matter of law, that (1) it has no duty to defend or indemnify Parker or Parker Marine in that certain underlying

lawsuit filed by Miller, described below, under the Progressive Boat and Personal Watercraft Policy issued to Parker; and/or (2) its coverage obligations to Parker Marine, if any, are limited to its vicarious liability for the conduct of Parker.

6. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.00.

7. All or a substantial portion of the events giving rise to this action occurred within the State of Hawaii.

8. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## THE UNDERLYING LAWSUIT

9. On October 24, 2018, Miller filed his Complaint (the "Underlying Complaint") in that certain underlying lawsuit <u>Clinton Robert Miller v. Michael Parker, et al.</u>, Civil No. 18-1-1715-10 BIA, in the Circuit Court of the First Circuit, State of Hawaii (the "Underlying Lawsuit") against Parker, Parker Marine, and other doe defendants.

10. The Underlying Complaint alleges that, on or about March 20, 2016, Miller was injured on board a boat owned and operated by Parker and/or Parker Marine while Parker and/or Parker Marine was engaged in a salvage operation and hot rodding off the coast of Oahu (the "Incident").

11. The Underlying Complaint alleges claims for negligence and gross negligence against Parker and Parker Marine and prays for general, special, and

punitive damages, prejudgment interest, attorneys' fees and costs, and such other relief as the court deems just and proper.

## THE POLICY

12. Michael Parker is the named insured under a Progressive Boat and Personal Watercraft Policy, Policy No. 37058930-0 (the "Policy"), which insured a 1987 Sea A Cabin Cruiser, Hull ID# 000001070003 (the "Cabin Cruiser"), for the policy period from January 6, 2016 to January 6, 2017.

13. No watercraft other than the Cabin Cruiser was included as a listed watercraft under the Policy.

14. The Policy is written on Form No. 2747 HI (07/08), as amended, and provides, in relevant part:

> **GENERAL DEFINITIONS**
>
> The following definitions apply throughout the policy. Defined terms are printed in bold face type and have the same meaning whether in the singular, plural, or any other form.
>
> 1. "**Additional watercraft**" means **watercraft you** become the owner of during the policy period that does not permanently replace a **watercraft** shown on the **declarations page** if:
>
>    a. **we** insure all other **watercraft you** own;
>
>    b. the **additional watercraft** is not covered by any other insurance policy;
>
>    c. **you** notify **us** within 30 days of becoming the owner of the **additional watercraft**; and

    d.    **you** pay any additional premium due.

An **additional watercraft** will have the broadest coverage **we** provide for any **watercraft** shown on the **declarations page**. However, if the broadest coverage is Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage, **we** will provide basic Comprehensive Coverage and Collision Coverage for the **additional watercraft** instead of these coverages. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage or increase **your** limits. If **you** ask **us** to insure an **additional watercraft** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.

2. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

3. "**Covered watercraft**" means:

    a.    any **watercraft** shown on the **declarations page** for the coverages applicable to that **watercraft**;

    b.    any **additional watercraft**; or

    c.    any **replacement watercraft**.

4. "**Declarations page**" means the document showing **your** coverages, limits of liability, **covered watercraft**, premium, and other policy-related information. The **declarations page** may also be referred to as the Watercraft Insurance Coverage Summary.

. . .

12. "**Replacement watercraft**" means a **watercraft** that permanently replaces a **watercraft** shown on the **declarations page**. A **replacement watercraft** will have the same coverage as the **watercraft** it replaces if the **replacement watercraft** is

not covered by any other insurance policy.  However:

    a.    if the **watercraft** being replaced had coverage under Part IV – Physical Damage Coverage, such coverage will apply to the **replacement watercraft** only during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days; and

    b.    if the **watercraft** being replaced had Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage, **we** will provide basic Comprehensive Coverage and Collision Coverage for the **replacement watercraft** instead of these coverages.

If the **watercraft** being replaced did not have coverage under Part IV – Physical Damage Coverage, such coverage may be added, but the **replacement watercraft** will have no coverage under Part IV until **you** notify **us** of the **replacement watercraft** and ask **us** to add the coverage.  If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage or increase **your** limits.

. . .

17.    "**You**" and "**your**" mean:

    a.    a person or persons shown as a named insured on the **declarations page**; and

    b.    the spouse of named insured if residing in the same household at the time of the loss.

. . .

**PART I – LIABILITY TO OTHERS**

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for

**bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

. . .

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

### ADDITIONAL DEFINITION

When used in this Part I:

"**Insured Person**" means:

a.  **you** or a **relative** with respect to an accident arising out of the ownership, maintenance, or use of a **watercraft** or **trailer**;

b.  any person with respect to an accident arising out of that person's use of a **covered watercraft** or **trailer** with the permission of **you** or a **relative**;

c.  any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above; and

d.  any Additional Interest Insured shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a or b above.

. . .

### EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for**:**

. . .

10.  **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any watercraft or trailer owned by **you** or furnished or available for **your** regular use,

7

    other than a **covered watercraft** or **trailer** for which this
    coverage has been purchased;

. . .

15. Parker Marine Worldwide Inc. is not listed as a named insured or additional insured under the Policy.

## PROGRESSIVE'S DEFENSE OF THE UNDERLYING LAWSUIT

16. Parker tendered the defense of the Underlying Lawsuit to Progressive under the Policy.

17. Progressive is presently defending Parker and Parker Marine pursuant to a full reservation of its rights under the Policy.

18. Upon information and belief, Miller contends that the boat involved in the Incident and owned and operated by Parker and/or Parker Marine was a white Nordkapp boat with two outboard engines.

19. Upon information and belief, Parker and/or Parker Marine owned the white Nordkapp boat allegedly involved in the Incident more than 30 days prior to the Incident.

20. Parker did not notify Progressive within 30 days of becoming the owner of the white Nordkapp boat allegedly involved in the Incident.

21. Upon information and belief, Parker did not permanently replace the Cabin Cruiser covered by the Policy with the white Nordkapp boat allegedly involved in the Incident

22. Parker did not permanently replace the Cabin Cruiser with the white Nordkapp boat allegedly involved in the Incident as the watercraft insured under the Policy.

23. There is an actual and continuing controversy between Progressive and Defendants as to Progressive's obligation to defend and/or indemnify Parker and Parker Marine in the Underlying Lawsuit under the Policy.

## STATEMENT OF CLAIM

24. Progressive re-alleges and incorporates by reference herein the allegations in Paragraphs 1 to 23 of the Complaint.

25. Parker and/or Parker Marine are precluded from coverage under the Policy because the claims alleged against them by Miller in the Underlying Lawsuit arise out of the ownership, maintenance, or use of a watercraft owned by Parker and/or Parker Marine other than the watercraft for which the Policy was purchased. Progressive thus has no obligation to defend or indemnify Parker and/or Parker Marine against the claims asserted by Miller.

26. Parker Marine does not qualify as an "Insured Person" as required to qualify for liability coverage under the Policy.

27. Progressive's duty to indemnify Parker Marine, if any, under the Policy extends only to claims based on its vicarious liability for Parker's acts, and Progressive has no duty to indemnify Parker Marine for its own alleged

negligence.

28. The Policy precludes coverage for punitive damages.

WHEREFORE, Progressive prays for relief as follows:

A. For a binding declaration that Progressive has no duty to defend or indemnify Parker and/or Parker Marine with respect to the claims asserted against them, or either of them, in the Underlying Lawsuit, or for any claims that may arise out of the subject matter of the claims asserted therein;

B. For a binding declaration that Miller has no right of recovery against Progressive in the event he obtains a judgment in the Underlying Lawsuit against Parker and/or Parker Marine;

C. For a binding declaration that Progressive's duty to indemnify Parker Marine, if any, is limited to liability based on its vicarious liability for Parker's acts, and does not extend to liability imposed upon it for its own negligence;

D. For a binding declaration that Miller's right of recovery, if any, against Progressive in the event he obtains a judgment against Parker Marine is limited to its vicarious liability for Parker's acts, and does not extend to liability imposed upon Parker Marine for its own negligence;

E. For the fees and costs incurred by Progressive in the instant declaratory judgment action;

  F. For such other and further relief as the Court may deem appropriate under the circumstances.

  DATED: Honolulu, Hawaii, November 9, 2022.

        /s/ Ashley R. Shibuya
       RICHARD B. MILLER
       ASHLEY R. SHIBUYA
       Attorneys for Plaintiff
       PROGRESSIVE CASUALTY INSURANCE CO.